1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8
    THOMAS BRAND,                          )        3:17-cv-00043-MMD-WGC
9                                          )
                     Plaintiff,            )        **ORDER**
10                                         )
              vs.                          )        Re:  ECF No. 90
11                                         )
    GREG COX, *et al.*,                    )
12                                         )
                     Defendants.           )
13   _____)

14          Before the court are several filings relating to Defendant Julie Rexwinkel who passed away on

15   a presently unknown date, but prior to May 25, 2018, when the U.S. Marshal advised the court that the

16   Marshal's attempts to effect service on Ms. Rexwinkel were unsuccessful because "Julie Rexwinkel is

17   deceased." (ECF No. 26.) The most recent of these filings is Plaintiff's "Notice to the Court; In Re:

18   Estate of Julie Rexwinkel Successor Fed R. Civ. P. Rule 25(a)" (ECF No. 90).  To put Plaintiff's Notice

19   in perspective, the court will review the filings relating to Defendant Rexwinkel, a former caseworker

20   for the Nevada Department of Corrections (NDOC) who was named a defendant in Plaintiff's civil rights

21   action.

22          On June 11, 2018, Plaintiff made a motion for the "Substitution of Parties Rule 25(a) Fed. R.

23   Civ. P." (ECF No. 34.)  However, rather than proposing a specific person or entity to be substituted for

24   Ms. Rexwinkel, Plaintiff requested the court ". . . to allow the claims to remain, pending an inquiry into

25   the real identit[y] of Julie Rexwinkel . . ." (*Id.* at 3.)  Plaintiff made ". . . the assertion the claims should

26   remain alive under Rule 25(a)(1) and (2) as real parties are alive," without identifying, however, who

27

28

the "real parties" (the ones "alive") may be. (*Id.*) [1]

There was no mistake in the identification of Julie Rexwinkel. Although the U.S. Marshal had reported her as being deceased, Plaintiff made a motion to have Ms. Rexwinkel re-served. (ECF No. 37.)

Defendants responded by stating that Plaintiff's claims against Defendant Rexwinkel (and Mullins) "expired upon the parties' death." (ECF No. 39 at 3.) As the court later explained, that contention is inaccurate as Fed. R. Civ. P. 25 explicitly allows claims to survive the death of the party. (ECF No. 68 at 4.)

Defendants further stated that assuming any of Plaintiff's claims against Ms. Rexwinkel survived her passing, "Defendants assert there are no proper parties to substitute in place of Defendants Mullins and Rexwinkel for the individual capacity claims raised by Plaintiff." Defendants did not address what happens to Plaintiff's "official capacity claims," against Ms. Rexwinkel. (ECF No. 39 at 3.)

Plaintiff's reply argument was to suggest that "those dismissed defendants could be added when those dismissed defendants were aware of problems and took no measures to correct the unsafe prison conditions . . ." (ECF No. 42 at 4.) Plaintiff stated his proposed amended complaint would address the substitution of parties further. (*Id.* at 5.)

The court considered Plaintiff's motion for the substitution of parties (ECF No. 34) at the court's hearing on July 11, 2018. The court's minutes reflect the following discussion of the proposed amendment of the complaint with regard to the survival of Plaintiff's claims, as follows:

> The court next addresses a concern it has regarding defendant Julie Rexwinkel. A return of service entered by the U.S. Marshal indicates Rexwinkel is deceased (ECF No. 26). The AG's Office has not filed a Notice of Suggestion of Death upon the record in this particular case, as appears to be required by Fed. R. Civ. P. 25. The court notes that "Suggestions of Death," however, have been filed in a separate cases pending before the court wherein Julie Rexwinkel is named a party.
>
> In light of a response Defendants' counsel made to Plaintiff about discovery served on parties who may now be deceased that the action is supposedly

---

[1] Plaintiff correctly noted Defendant "Brian" Mullins, also a former NDOC employee, had been misidentified by Defendants' counsel. (ECF No. 34 at 3; ECF No. 76 at pp. 2-4.) It was subsequently determined the defendant referred to as "Mullins" in Plaintiff's complaint was Ronald Mullins, not Brian Mullins (the latter of whom was also deceased). The action was allowed to proceed against Ronald Mullins. (ECF No. 76 at 4.) The identification of the correct name of defendant Mullins is not the subject of this order.

| | |
|---|---|
| 1 | terminated upon their death, the court explains, pursuant to Fed. R. Civ. P. 25, an action is *not* automatically abated by reason of an individual's death. |
| 2 | However, the notice would trigger the time (90 days) within which a request for substitution of a party must be filed. As reflected on the docket, Plaintiff |
| 3 | Brand has already submitted a request for substitution of parties (ECF No. 34), even though a suggestion of death has not been entered. |
| 4 | |
| 5 | It is the court's understanding of Rule 25 that the party who is to be substituted for a decedent party would be the personal representative of any estate created on behalf of the deceased individual. It is unknown whether |
| 6 | any estate has been created for (or personal representative named) Julie Rexwinkel. The court mentions there is very little case law which party is |
| 7 | to determine whether or not a personal representative for a deceased person has been identified. However, a District of Nevada decision by District |
| 8 | Judge Gloria Navarro in the matter of *In re MGM Mirage Securities Litigation*, Case No. 2:09-cv-1558-GMN-RJJ, does addresses Rule 25 and |
| 9 | certain procedures attendant to that rule. The court reviews the decision with the parties and directs the courtroom deputy to send a copy of the June 14, |
| 10 | 2012, decision to the Plaintiff. |
| 11 | Similar to Judge Navarro's decision in the *MGM Mirage Securities Litigation*, the court directs the AG's Office to undertake efforts to ascertain |
| 12 | whether or not there is an estate for Julie Rexwinkel. The court does not envision how an inmate Plaintiff could reasonably undertake that research. |
| 13 | Thus, DAG Albright shall submit a notice no later than **Wednesday, 7/25/2018,** to the court outlining what efforts have been taken by the AG's |
| 14 | Office to identify whether or not there is an estate as to defendant Rexwinkel. This procedure is consistent with the approach to ascertaining |
| 15 | whether an estate has been filed as employed by Judge Navarro in the *MGM Securities Litigation*. |
| 16 | |
| 17 | In light of the notice that Julie Rexwinkel is apparently deceased, Plaintiff's "Motion to Serve Summons Upon Defendants Julie Rexwinkel and Ronald |
| 18 | Mullins. Fed. R. Civ. P. Rule 4(c)(3)" (ECF No. 37) is **GRANTED in part and DENIED in part**. Again, the court will direct the clerk's office to issue |
| 19 | a summons as to defendant Ronald Mullins. The court, however, defers issuing a summons as to Rexwinkel or as to an estate of Rexwinkel until |
| 20 | after DAG Albright reports whether or not an estate exists and until after the court completes it screening of the proposed amended complaint. |
| 21 | The court further expresses concern about whether the "official capacity" component of Plaintiff's complaint would continue as to the successor of |
| 22 | Ms. Rexwinkel, since she was employed as a NDOC caseworker and not as a policy maker. The court suggests in light of the nature of her employment |
| 23 | with NDOC that any official capacity claims would likely not survive her passing. The court notes also the screening order (ECF No. 3) did not |
| 24 | distinguish between the official capacity and individual capacity claims. Contrary to Plaintiff's suggestion, the court, under the law pertaining to |
| 25 | Section 1983 litigation, cannot simply substitute Rexwinkel's "supervisor" or employer or the State of Nevada. The court will attempt to address this |
| 26 | issue of survival of official capacity claims in the screening of Plaintiff's proposed amended complaint. |
| 27 | |
| 28 | (ECF No. 68, 7/11/18, at pp. 4-5.) |

In the meantime, the court denied Plaintiff's Motion for Substitution of Parties (without prejudice). (ECF No. 68 at 3.)

In response to the court's direction for Defendants' counsel to attempt to ascertain whether an estate had been established for Ms. Rexwinkel, Defendants filed a "Suggestion of Death Pursuant to FRCP". (ECF No. 72.) Defendants' counsel stated she was unaware of Ms. Rexwinkle's date of death and represented "there is no known successor for Defendant Julie Rexwinkel." (*Id.* at 1.)

The court next addressed Plaintiff's motion for leave to amend his complaint in its Report and Recommendation of July 30, 2018, regarding Plaintiff's proposed First Amended Complaint. (ECF No. 76.) At page 4 of the Report and Recommendation, the court stated:

> Insofar as Julie Rexwinkel is concerned, the court noted at the July 11, 2018 hearing that the Attorney General's Office had not filed a notice of suggestion of death in this case as is contemplated by Rule 25, although a suggestion of death had been filed with respect to Rexwinkel in other cases pending before the court. (Minutes at ECF No. 68 at 4.) The court explained that contrary to the arguments made in Defendants' briefing, an action does not automatically abate by reason of an individual's death, and that the action could proceed against the personal representative of Ms. Rexwinkel's estate, although it was then unknown whether any estate had been created for Ms. Rexwinkel. (*Id.*) The court pointed out that there is little case authority addressing which party has the burden of determining the identity of a substitute party, but referred to a decision by United States District Judge Gloria Navarro, *In re MGM Mirage Securities Litigation*, 282 F.R.D. 600 (D. Nev. June 14, 2012), which directed the defendants to undertake efforts to ascertain the identity of a substitute party. Following Judge Navarro's rationale, the court directed the Attorney General's Office to undertake these efforts, given that it could not envision how a pro se, inmate plaintiff could reasonably undertake such a search. (*Id.*) The court denied Plaintiff's motion to substitute without prejudice pending screening of the FAC and the filing of a submission by the Attorney General's Office regarding the identity of a substitute party. This topic is discussed further, *infra*.

(*Id.* at 4.)

The court addressed the substitution issue extensively as follows:

> The court has recommended that Plaintiff be permitted to proceed with claims against defendant Rexwinkel in Count II of the FAC. As was indicated above, Julie Rexwinkel's death was noted in the unexecuted service of process return from the U.S. Marshals Service filed on May 25, 2018. (ECF No. 26.) On June 11, 2018, Plaintiff filed a motion for substitution of parties pursuant to Federal Rule of Civil Procedure 25. (ECF No. 34.)

///

4

The court discussed this motion at the July 11, 2018 hearing, and denied the motion without prejudice as to Rexwinkel pending screening of the FAC so it could be determined whether any claims would proceed against her in the FAC, and in what capacity. (Minutes at ECF No. 68.)

**2. Rule 25**

Federal Rule of Civil Procedure 25 provides in pertinent part:

**(a) Death**

(1) *Substitution if the Claim Is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the property party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
…

(3) *Service*. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.
…

**(d) Public Officers; Death or Separation from Office**. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(a)(1), (3), (d).

**3. Survival of the Claims**

Ms. Albright argued, without any supporting authority, that the section 1983 claims asserted against Rexwinkel expired upon her death. Generally, however, the law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *see also Robertson v. Wegmann*, 436 U.S. 584, 588-89 (1978).

Nevada law provides: "Except as otherwise provided in this section, no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." NRS 41.100(1). "In an action against an executor or administrator, any damages may be awarded which would have been recovered against the decedent if the decedent had lived, except damages awardable under NRS 42.005 or 42.010 or other damages imposed primarily for the sake of example or to punish the defendant." NRS 41.100(2).

///

Therefore, the claims against Rexwinkel are not extinguished by her death.

**4. Official Capacity Claims**

The court has concluded that Plaintiff fails to state any claims against Rexwinkel in her official capacity; therefore, there is no need to address this aspect of Rule 25 with respect to Rexwinkel.

**5. Individual Capacity Claims against Rexwinkel**

The court has concluded that Plaintiff states colorable claims against Rexwinkel in Count II of the FAC. The court must now address how those claims should proceed in light of Rexwinkel's death.

"If a party dies and the claim is not thereby extinguished," as is the case here, "the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a)(1). Any party or the decedent's successor or representative may make a motion for substitution. *Id*. If not made within ninety days after service of a statement noting the death, the action must be dismissed with respect to the decedent. *Id*. The rule requires that a motion to substitute, as well as the statement noting death, be served on parties pursuant to Rule 5 and on non-parties pursuant to Rule 4. Fed. R. Civ. P. 25(a)(3).

"Although Rule 25(a)(1) could be clearer, a careful reading of the rule coupled with an understanding of its function leads to the conclusion that the rule requires two affirmative steps in order to trigger the running of the 90 day period. First a party must formally suggest the death of the party upon the record." *Barlow v. Ground,* 39 F.3d 231, 233 (9th Cir. 1994) (citing *Anderson v. Aurotek,* 774 F.2d 927, 931 (9th Cir. 1985); *Grandbouche v. Lovell,* 913 F.2d 835 (10th Cir. 1990); 3B Moore's Federal Practice ¶25.06[3] (2d ed. 1991)). "Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id*. (citing Fed. R. Civ. P. 25(a)(1)). *Barlow* held that the ninety-day period is not triggered against the decedent's estate until the appropriate representative of the estate is served a suggestion of death in conformity with Rule 4. *Id*. at 233-24.

At the time Plaintiff filed his motion to substitute under Rule 25, no suggestion of death had been filed. Ms. Rexwinkel's death had merely been noted in the U.S. Marshals' unexecuted return, even though the Attorney General's Office has filed a suggestion of death for Ms. Rexwinkel in other cases pending before the court. The court pointed this out to Ms. Albright at the July 11, 2018 hearing, and a suggestion of death was filed on July 25, 2018. (ECF No. 72.)

Plaintiff had previously filed a motion to substitute under Rule 25, but at that point no one has identified a party to substitute in for the decedent. As was indicated above, the court was thus confronted with the issue of who bears the burden of attempting to identify a substitute party, as well as whether the ninety-day period is triggered when a non-party successor or representative is not served with either the motion to substitute or the suggestion of death as required by Rule 25.

**a. Identifying the Substitute Party & Filing of the Suggestion of Death**

In her briefing, Ms. Albright argued that even if the claims against Rexwinkel were not extinguished by Rexwinkel's death (they were not), there is no party to substitute in, without providing any evidence to support this argument. Plaintiff also had no information about a proper substitute party.

The court discussed with the parties' Judge Navarro's decision in *In re MGM Mirage Securities Litigation*, which recognized that while neither Rule 25 nor the Ninth Circuit have required a defendant to identify a successor in the suggestion of death, some district courts within the Ninth Circuit have required a defendant who has filed a suggestion of death to undertake reasonable efforts to discover the identity of a successor or representative. *In re MGM Mirage Securities Litigation*, 282 F.R.D. at 603 (citations omitted). In that case, Judge Navarro directed the defendants to undertake an investigation regarding the status of the decedent's estate, and if counsel were able to obtain information about the representative of the estate or appropriate successor, the notice of suggestion of death was to be served on the proper non-party. *Id.* If counsel was unable to obtain the information, a declaration was to be filed describing efforts made to comply with the order. *Id.*

As was mentioned above, following Judge Navarro's rationale, the court directed Ms. Albright to undertake an investigation and submit a declaration outlining efforts taken to identify whether or not there was an estate and potential successor party for Julie Rexwinkel. (ECF No. 68.) While Judge Navarro had concluded that the plaintiff in that case was not relieved of also making reasonable inquiry regarding the appropriate successor, the undersigned did not impose a similar obligation on the pro se, inmate Plaintiff in this case, as he would have limited or no resources to discover this information, particularly when he is precluded by regulations from having the contact information of Ms. Rexwinkel.

On July 25, 2018, Defendants filed a suggestion of death for Julie Rexwinkel. (ECF No. 72.) In addition, Ms. Albright filed a declaration outlining efforts taken to ascertain whether there was a party to substitute in place of the decedent Rexwinkel. (Albright Decl., ECF No. 72-1 and ECF No. 73-1.) Ms. Albright attests that she sent a certified letter to Ms. Rexwinkel's address, addressed to the administrator of her estate, requesting the contact information for the administrator to be provided by July 26, 2018. (*Id.* ¶ 3.) As of July 25, 2018, Ms. Albright had received no response to the letter. (*Id.*) Ms. Albright also left two voice messages on the telephone number she had for Ms. Rexwinkel, asking that the administrator for the state contact her office. (*Id.* ¶ 4.) As of July 25, 2018, she had received no response to the messages. (*Id.*)

At issue are the interrelated issues of whether Ms. Albright's efforts were sufficient, and whether the filing of the suggestion of death has triggered the ninety-day period for filing a motion to substitute if the non-party executor or administrator has not been identified and served.

Here, Ms. Albright sent a letter to Ms. Rexwinkel's last known address and left messages after calling the last known telephone number for Ms. Rexwinkel.

The court discussed at the hearing that Ms. Albright might undertake a search of the probate court records or docket to determine whether there was an administrator or executor that might be substituted. Ms. Albright's declaration does not indicate she did this. In any event, the court conducted a brief search of the probate records through the website of the Second Judicial Court of the State of Nevada, in and for Washoe County, and there was no probate case or other record indicating a possible successor party for decedent Julie Rexwinkel. The court also searched for an obituary for Ms. Rexwinkel through the websites of the Reno Gazette Journal and the Nevada Appeal, in case an obituary identified a potential successor, with no success. While Ms. Albright should have undertaken these steps herself prior to submitting her declaration, it is not clear what other steps Ms. Albright might now take to identify a successor at this point; therefore, the court will not require her to undertake any further efforts at this time.

The court also notes that no party has filed a motion in State court seeking to ascertain or appoint a representative or successor to Ms. Rexwinkel.

The court will now turn to the issue of whether the ninety-day time period is triggered under Rule 25 when no substitute party has been identified, let alone served with the suggestion of death or motion to substitute.

While *Barlow* held that the ninety-day period of Rule 25 is not triggered until an appropriate representative of the estate is served with a suggestion of death in conformity with Rule 4, the Ninth Circuit explicitly declined to address the issue of whether the ninety-day period is triggered when the nonparty successor or representative is not served because the appropriate person could not be ascertained at the time the suggestion of death was made. *Barlow,* 39 F.3d at 234 (citations omitted). The Ninth Circuit has yet to resolve this issue, and district courts seem to be split in their conclusions. The court will adopt the position that the ninety-day period was triggered by the filing of the suggestion of death even though a successor party was not served with the notice because the appropriate person could not be ascertained at the time the suggestion of death was made. *See e.g. Unicorn Tales, Inc. v. Banerjee,* 135 F.3d 467, 469-70 (2d Cir. 1998) (holding that all Rule 25 require was service of the notice of death upon existing parties to trigger the 90-day period in case where there was inability or significant difficulty identifying the decedent's legal representative or successor); *Williams v. Baron*, No. 2:03-cv-2044 LKK JFM (PC), 2009 WL 331371, at * 3 (E.D. Cal. 2009) (agreeing with *Unicorn Tales* that nothing in Rule 25 states that the suggestion of death must identify the decedent's successor; therefore, the suggestion was sufficient to start the ninety-day period).

If a motion to substitute is not filed within the ninety-day time period, Rexwinkel should be dismissed. Fed. R. Civ. P. 25(a). Rule 25(a)(1) "does not specify whether the dismissal 'must' be *with prejudice.*" *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (emphasis original). The Ninth Circuit has noted, however, that "the 'history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.'" *Id.* (quoting *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (citation omitted); *United States v. Miller Bros Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974); 7C Charles Alan Wright, et. al., Federal Practice and Procedure § 1955 (3d ed. 2017)). Rule 6(b) would govern a late motion to substitute. *Id.* at 1095. In

> case Plaintiff should obtain information identifying Rexwinkel's executor or administrator after the ninety-day period expires, Rexwinkel's dismissal upon expiration of the ninety-day time period should be without prejudice. *See id.* (noting that dismissal with prejudice is not mandatory).

(*Id.* at pp. 12-18.)

The court, in screening Plaintiff's First Amended Complaint, recommended dismissal of Plaintiff's "official capacity" claims against Ms. Rexwinkel but recommended that Plaintiff's "individual capacity" claims should be allowed to proceed. (ECF No. 76 at 18.) The court allowed the parties until October 23, 2018, to file a motion for substitution identifying Rexwinkel's executor or administrator as a party, or Rexwinkel will be dismissed from this action without prejudice. (ECF No. 76 at 18-19.)[2]

On August 21, 2018, Plaintiff filed a document entitled "Notice to the Court; In Re Estate of Julie Rexwinkel's Successor. Fed. R. Civ. P. 25(a)." The Plaintiff's "Notice" is the principal subject of this order. (ECF No. 90.) Plaintiff represents that Ms. Rexwinkel is survived by her "next of kin identified as: Darrell John Rexwinkel; former Assistant Director of the Nevada Department of Corrections." (*Id.* at 1.) Although not entitled a "motion," it appears that Plaintiff's "Notice" attempts to substitute Mr. Darrell Rexwinkel for decedent Julie Rexwinkel.

The Defendants have filed a response to Plaintiff's Notice. (ECF No. 92.) Defendants characterize Plaintiff's Notice as identifying Darrel Rexwinkel as "the administrator and/or executor of Defendant Rexwinkel's estate," citing Plaintiff's "Notice". (ECF No. 90 at p. 1.) Plaintiff's Notice, however, only describes Darrell Rexwinkel as decedent's "next of kin" and father of decedent, not as the purported administrator or executor of decedent's estate. In any event, Defendants state "this Court cannot, at this time, ascertain the identity of any administrator and/or executor of Defendant Rexwinkel's estate." (ECF No. 92 at 2.)

///

///

///

///

---

[2] Defendants have lodged an Objection to the Court's Report and Recommendation. However, it does not appear Defendants' objection pertained to the court's rulings on the law and procedures pertaining to substitution of the parties. (ECF No. 82.)

Plaintiff's reply memorandum (ECF No. 95) merely again argues that he may "have located a successor to the estate of Julie Rexwinkel (deceased)." (*Id.* at 1.) But Plaintiff does not identify the alleged estate or other appropriate legal successor. While Mr. Rexwinkel may be the "biological father of Defendant Julie Rexwinkel," (*Id.* at 2), that does not make him a "successor" or "representative" as contemplated by Rule 25(a)(1).

The court agrees with Defendants' argument but only to the extent Plaintiff's Notice, which the court is interpreting as a motion, does not identify Ms. Rexwinkel's representative. Nevada state law controls estate administration. In *Koester v. Administrator of Estate of Koester*, 693 P.2d 569 (Nev. 1985), the Nevada Supreme Court held that "[g]enerally, the personal representative of the deceased must be substituted as a party before the deceased party's estate can be affected by any judgment." 693 P.2d at 572. The law of the forum state generally determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *see also Robertson v. Wegmann*, 436 U.S. 588-59 (1978).

Nevada law provides: "Except as otherwise provided in this section, no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." Nevada Revised Statute (NRS) 41.100(1). There is no evidence before the court that any executor or personal representative of any estate of Julie Rexwinkel has been appointred under Chapter 138 of the Nevada Revised Statute nor has any administrator been appointed under Chapter 139. While Darrell Rexwinkel may have been the father of Ms. Rexwinkel, he would not be considered the administrator or personal representative of Ms. Rexwinkel's estate. Additionally, Plaintiff would have to serve the administrator or representative is accordance with Fed. R. Civ. P. 4. *Barlow*, 39 F.3d at 233-34.

///

///

///

///

///

10

Therefore, to the extent Plaintiff's Notice (ECF No. 90) is construed as a motion to substitute parties, the motion is denied. Plaintiff is reminded he has until October 23, 2018, to file a motion for substitution identifying Rexwinkel's executor or administrator as a party or Rexwinkel will be dismissed from this action. (ECF No. 76 at 19.) [3]

**IT IS SO ORDERED.**

DATED: September 4, 2018.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[3] If no substitute party is identified within ninety-days of the filing of the suggestion of death (filed July 25, 2018), Rexwinkel will be dismissed. Rule 25(a)(1) "does not specify whether the dismissal 'must' be _with prejudice_." _Zanowick v. Baxter Healthcare Corp._, 850 F.3d 1090, 1094 (9th Cir. 2017) (emphasis original). The Ninth Circuit has noted, however, that "the 'history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.'" _Id_. (quoting _Cont'l Bank, N.A. v. Meyer_, 10 F.3d 1293, 1297 (7th Cir. 1993) (citation omitted); _United States v. Miller Bros Constr. Co._, 505 F.2d 1031, 1035 (10th Cir. 1974); 7C Charles Alan Wright, et al., Federal Practice and Procedure § 1955 (3d ed. 2017)). Rule 6(b) would govern a late motion to substitute. _Id_. at 1095.