UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS BRAND,<br><br>                         Plaintiff,<br>    v.<br>GREG COX, *et al.*,<br><br>                        Defendants. | Case No. 3:17-cv-00043-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

This is a prisoner civil rights case. Before the Court is the Report & Recommendation ("R&R") of Magistrate Judge William G. Cobb (ECF No. 76). Plaintiff Thomas Brand filed an objection (ECF No. 83), to which Defendants Dillyn Keith, Shannon Moyle, and Ronald Mullins responded (ECF No. 88).

Additionally before the Court is Defendants' "Objection to Minutes of Proceedings Dated July 11, 2018" (ECF No. 82). Plaintiff responded. (ECF No. 84.) Plaintiff additionally filed a "motion to file sur-reply" (ECF No. 89) that Defendants moved to strike (ECF No. 91). The Court will deny Plaintiff's motion for leave to file a surreply because it does not advance any substantive argument and violates LR 7-2(b).

For the following reasons, the Court overrules both objections. The Court also accepts and adopts Magistrate Judge Cobb's R&R in full.

**II.    BACKGROUND**

Plaintiff is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Lovelock Correctional Center ("LCC"). (ECF No. 76 at 1.) Plaintiff is

proceeding with this action pro se under 42 U.S.C. § 1983. (*Id.* at 2.) Plaintiff's claims relate to an altercation Plaintiff experienced in culinary at Northern Nevada Correctional Center ("NNCC") on January 10, 2015, as well as the forms Plaintiff received during the processing of a disciplinary appeal. (*Id.* at 7, 9.)

## III. DEFENDANTS' OBJECTION TO MINUTES OF PROCEEDING (ECF NO. 82)

### A. Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection . . . also enable[s] the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

### B. Discussion

Plaintiff filed the original Complaint on January 4, 2018. (ECF No. 4.) The Complaint inconsistently alleged that the events giving rise to Plaintiff's claims occurred at LCC and NNCC, but the attached documents showed that the events occurred at NNCC. (*See, e.g.*, *id.* at 1, 4, 16, 42.)

Defendants filed a motion to dismiss (ECF No. 25) and a motion for summary judgment (ECF No. 24) on May 25, 2018.

Plaintiff then filed a motion for leave to file an amended complaint and attached the proposed amended complaint on July 2, 2018. (ECF Nos. 45, 45-1.) Defendants allege that the proposed amended complaint set forth new allegations to circumvent Defendants' motion to dismiss and motion for summary judgment. (ECF No. 82 at 3.)

Judge Cobb held a hearing on several outstanding motions on July 11, 2018, and asked "defense counsel whether the Defendants would prefer to resubmit the motions after the screening of the proposed first amended complaint." (ECF No. 68 at 1, 3.) Defense counsel moved to withdraw the dispositive motions, which Judge Cobb granted. (*Id.* at 3.) Judge Cobb then granted Plaintiff's motion for leave to file an amended complaint. (*Id.*)

Defendants first argue that Magistrate Judge Cobb abused his discretion when he granted Plaintiff's motion for leave to amend because that motion constituted a vehicle to circumvent dispositive motions. (ECF No. 82 at 6.) Defendants' argument is puzzling because Defendants moved to withdraw their dispositive motions before Judge Cobb considered Plaintiff's motion for leave to amend. (ECF No. 68 at 3.) That aside, Defendants overstate the rule. While the Court agrees with Defendants that a "motion for leave to amend is not a vehicle to circumvent *summary judgment*," *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991), abrogated on other grounds by *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) (emphasis added), a motion for leave to amend may indeed "circumvent" a motion to dismiss. *See, e.g.*, *Rolon v. Catholic Healthcare W.*, No. 2:12-CV-00110-LRH, 2012 WL 2138133, at *1 (D. Nev. June 12, 2012) (finding a motion to dismiss moot in light of amended complaint). And Defendants argue that the amended complaint cured deficiencies that would have warranted dismissal—not summary judgment. (*See, e.g.*, ECF No. 82 at 7 ("Each of the preceding factual allegations set forth by Plaintiff for the first time in his amended complaint are designed to circumvent Defendant's argument that Plaintiff failed to allege facts from which an inference could be drawn that Defendants knew of and disregarded an excessive risk to Plaintiff.") (emphasis omitted).)

3

In addition, leave to amend must be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs*, 833 F.2d at 186 (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)). Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality" insofar as the motion to amend is not sought in bad faith, does not cause undue delay, does not cause the opposing party undue prejudice, and does not constitute an exercise in futility. *Id.* The policy of favoring amendments under Rule 15(a) "is applied even more liberally to pro se litigants" than to parties represented by counsel. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). Given the Ninth Circuit's instruction of "extreme liberality," particularly as to pro se litigants, the Court finds that Judge Cobb's order granting Plaintiff's motion for leave to amend was not contrary to law.

Defendants next argue that Judge Cobb clearly erred when he found that Defendants' dispositive motions cited the Court's screening order as authority that the events in the Complaint occurred solely at LCC. (ECF No. 82 at 8.) However, even if Judge Cobb erroneously found that the motions cited the screening order, Defendants have not explained how such a finding harmed them. Nor have Defendants explained how correcting that finding would alter the outcome of Judge Cobb's orders (1) granting Defendants' own motion to withdraw their dispositive motions or (2) granting Plaintiff's motion for leave to file an amended complaint. Accordingly, the Court declines to reconsider Judge Cobb's order.

Defendants next argue that Judge Cobb clearly erred when he found that it was the policy of the AG's office that an inmate must pay the cost of copies of documents that had been previously produced to Plaintiff. (ECF No. 82 at 9.) Again, Defendants have not explained how this finding harmed them or how it would have altered the outcome of Judge Cobb's orders. Accordingly, the Court declines to reconsider Judge Cobb's order.

Thus, the Court overrules Defendants' objections.

## IV. PLAINTIFF'S OBJECTION TO R&R (ECF NO. 83)

### A. Legal Standard

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's objection to the Magistrate Judge's R&R, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

### B. Discussion

Plaintiff's first objection seems to be a request to add Defendants. Count I of Plaintiff's amended complaint contains allegations against Defendants Cox, McDaniel, Foster, Baca, Walsh, and Ronald Mullins. (ECF No. 45-1 at 7-9.) Judge Cobb recommended that Plaintiff should be allowed to proceed with an Eighth Amendment failure to protect claim against each of these Defendants. (ECF No. 76 at 8.) In his objection, Plaintiff seeks to add as defendants NDOC commissioners, including Adam Laxalt, Brian Sandoval, and the acting secretary of state. (ECF No. 83 at 2.) Plaintiff also seeks to add director Dzurenda as a defendant and requests a hearing with him present. (*Id.* at 3.) Plaintiff further alleges that Defendant Moyle spoliated evidence by tampering with video footage. (*Id.*)

To the extent that Plaintiff wishes to add parties to this lawsuit, he again must move for leave to file an amended complaint. Plaintiff cannot add parties by objecting to Judge Cobb's R&R. Plaintiff is cautioned that consideration of such a motion and screening of an amended complaint will further delay his case for many months. To the extent that Plaintiff alleges spoliation, he must affirmatively seek sanctions for such conduct—his

///

objection to Judge Cobb's R&R is not the proper procedural vehicle for raising this concern.

Plaintiff's second objection is that his equal protection claim should be dismissed without prejudice instead of with prejudice. Count II of Plaintiff's amended complaint contains allegations against Defendants Carpenter, Keith, Moyle, and Rexwinkel. (ECF No. 45-1 at 11-12.) Judge Cobb recommended that Plaintiff should be allowed to proceed with a First Amendment right to seek redress of grievances claim against these Defendants and dismissed with prejudice Plaintiff's due process and equal protection claims. (ECF No. 76 at 11.) Plaintiff's equal protection claim was dismissed with prejudice because "[t]his was Plaintiff's second attempt at stating an equal protection claim, and he still has not set forth any viable allegations to support such a claim." (*Id.* at 10.)

Plaintiff seems to concede that he has not stated an equal protection claim but objects to the dismissal of his equal protection claim with prejudice because he believes that he may uncover evidence during discovery to support his claim. (*See* ECF No. 83 at 4-5 ("Other inmates have their appeals processed and receive fair and un-biased parole hearing[s], which establishes an equal protection claim on this issue also, which at some point should be allowed to advance based on evidence, giving cause that any dismissal at this stage of litigation should be without prejudice. Other than that, this Plaintiff has no qua[l]ms, but must object to all 'with prejudice' recommendations, being that full discovery has not been completed, and other critical factors are likely to arise as discovery progresses, and fully supports this Plaintiff's claims.").) Plaintiff puts the cart before the horse—he must state a plausible claim supported by factual allegations before he can obtain discovery on that claim. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff's third objection relates to defense counsel's efforts to find a substitute party for Defendant Rexwinkel, who is now deceased. Defendant Rexwinkel's death was noted in an unexecuted service of process return from the U.S. Marshals Service filed on May 25, 2018. (ECF No. 26.) Judge Cobb determined that Plaintiff's claims against Rexwinkel

1  were not extinguished by her death and directed defense counsel to undertake an
2  investigation and submit a declaration outlining efforts taken to identify an estate and
3  potential successor party for Rexwinkel. (ECF No. 76 at 15-16.) Defense counsel sent a
4  certified letter to Rexwinkel's address, addressed to the administrator of her estate,
5  requesting the contact information for the administrator to be provided by July 26, 2018.
6  (*Id.* at 16.) Defense counsel also left two voice messages on the telephone number she
7  had for Rexwinkel, asking that the administrator for the estate contact her office. (*Id.*)
8  Defense counsel received no responses. (*Id.*) Additional searches of probate records and
9  obituaries in the Reno Gazette Journal and the Nevada Appeal did not turn up a
10 successor. (*Id.* at 16-17.)

Judge Cobb recommended that defense counsel was not required to take additional steps to identify a successor to Defendant Rexwinkel. (*Id.* at 8.) Plaintiff objects to this recommendation, arguing that defense counsel's efforts to locate Defendant Rexwinkel were inadequate. (ECF No. 83 at 8.) Plaintiff has not identified legal authority for his assertion that defense counsel must do more than has already been done, such as conducting a credit check, searching for utility bills, or investigating IRS filings, DMV registrations, or bank accounts. (*See id.*) The Court finds that sufficient efforts were undertaken. *See In re MGM Mirage Sec. Litig.*, 282 F.R.D. 600, 603 (D. Nev. 2012) (requiring a "reasonable" inquiry).

Accordingly, the Court overrules Plaintiff's objections.

## V.  DEFENDANT JULIE REXWINKEL

Plaintiff had until October 23, 2018 (90 days from the filing of the suggestion of Rexwinkel's death), to file a motion for substitution identifying Defendant Rexwinkel's executor or administrator as a party or Defendant Rexwinkel would be dismissed under Fed. R. Civ. P. 25(a)(1). (ECF No. 100 at 11; ECF No. 76 at 19.) Plaintiff filed a notice on August 21, 2018, that the Court construed as a motion for substitution, but that motion was denied. (ECF No. 90 (notice); ECF No. 100 at 11 (order denying motion).) To date, Plaintiff has not filed an additional motion for substitution. Accordingly, the Court will

dismiss Defendant Rexwinkel from this action under Fed. R. Civ. P. 25(a)(1). The dismissal will be without prejudice because the "history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (quoting *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)).

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the objections before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 76) is accepted and adopted in full. Plaintiff's Objection (ECF No. 83) is overruled. The Clerk is directed to detach and file Plaintiff's First Amended Complaint (ECF No. 45-1) along with the attached exhibits thereto. Plaintiff will be allowed to proceed with the following claims: (1) his Eighth Amendment failure to protect claims in Count I against Defendants Ronald Mullins, Cox, McDaniel, Foster, Baca, and Walsh (in their official and individual capacities); (2) his First Amendment claim that Defendants Keith, Carpenter, and Moyle violated his right to seek redress of grievances in Count II (in their individual capacity only); and (3) his retaliation claim against and Keith in Count II (in his individual capacity only).

It is further ordered that Defendant Rexwinkel is dismissed from this action without prejudice.

It is further ordered that Plaintiff's motion for leave to file a surreply (ECF No. 89) is denied.

It is further ordered that Defendants' motion to strike (ECF No. 91) is denied as moot.

///

It is further ordered that Defendants' objection to Magistrate Judge Order (ECF No. 82) is overruled.

DATED THIS 10th day of December 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE