UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THOMAS BRAND,

                       Plaintiff,

    v.

GREG COX, *et al.*,

                    Defendants.

Case No. 3:17-cv-00043-MMD-WGC

ORDER

    *Pro Se* Plaintiff Thomas Brand, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 for events that occurred at Northern Nevada Correctional Center ("NNCC"). (ECF No. 107.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 172) recommending that the Court deny in part and grant in part Defendants'[1] motion for summary judgment ("Motion") (ECF No. 151). Plaintiff and Defendants had until June 18, 2020, to file objections. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R and denies in part and grants in part the Motion.

    This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue

---

[1]Defendants are Ronald Mullins, Greg Cox, E.K. McDaniel, Sheryl Foster, Isidro Baca, Lisa Walsh, Dillyn Keith, Tara Carpenter, and Shannon Moyle.

1    that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); see also

2    *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the

3    magistrate judges' findings and recommendations is required if, but only if, one or both

4    parties file objections to the findings and recommendations.") (emphasis in original); Fed.

5    R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy

6    itself that there is no clear error on the face of the record in order to accept the

7    recommendation").

8          Nevertheless, the Court conducts *de novo* review to determine whether to accept

9    the R&R. Upon reviewing the R&R and underlying briefs, this Court finds good cause to

10   adopt Judge Cobb's recommendation in full.

11         Judge Cobb recommends denying summary judgment on Plaintiff's deliberate

12   indifference to Plaintiff's safety claim against Mullins because genuine issues of material

13   fact exist. (ECF No. 172 at 5-13.) Judge Cobb found that Defendants have provided video

14   of the incident they say refutes Plaintiff's claims, and Mullins has provided a declaration

15   stating that he was not aware of any inmate yelling or fighting until the altercation had

16   already ended. (ECF No. 172 at 8, 11-12; ECF No. 151-2; ECF No. 151-8.) Judge Cobb

17   found, however, that Plaintiff has provided evidence to create material issues of fact.

18   Plaintiff provided his own affidavit which states, among other things, that Mullins stayed

19   inside his office while another inmate loudly shouted violent threats at Plaintiff, that Mullins

20   observed the threats through the window, that Plaintiff saw Mullins watching the altercation

21   on a video monitor, and that Mullins made eye contact with him but turned away when the

22   shouting started, closed his office door, and got on the phone. (ECF No. 163-2 at 16-17.)

23   Plaintiff has provided a declaration from inmate Kyle Bates that Bates warned Mullins of a

24   serious altercation between two inmates, but Mullins disregarded the warning and instead

25   made a phone call from his office. (ECF No. 169 at 9-10.) Plaintiff also provided a

26   declaration from inmate Carlos Gurry that Mullins watched Plaintiff and the other inmate

27   fight from his office and Mullins later stated that he would "[s]ometimes bet on who will

28   win-and I have it recorded, good job." (ECF No. 107-1 at 9-12.) Given these factual

1  │ disputes, Judge Cobb found that a genuine issue of material fact exists regarding Plaintiff's

2  │ claim. (ECF No. 172 at 13.)

3  │      Judge Cobb also found Mullins is not protected by qualified immunity because it

4  │ was clearly established in 2015 that a prison official violates the Eighth Amendment if they

5  │ know of a serious risk to an inmate's safety but disregard that risk. (*Id.* at 28-29.) For these

6  │ reasons, Judge Cobb recommends that the Court deny summary judgment on Plaintiff's

7  │ Eighth Amendment failure to protect claim against Mullins. (*Id.*)

8  │      However, Judge Cobb found no genuine issue of material fact exists as to Plaintiff's

9  │ Eighth Amendment deliberate indifference claim against Cox, McDaniel, Foster, Baca and

10 │ Walsh because Plaintiff has not provided evidence that these Defendants had any

11 │ knowledge of a risk to Plaintiff's safety. (*Id.* at 13-18.) Because Plaintiff failed to provide

12 │ evidence supporting his Eighth Amendment claims against these Defendants, Judge Cobb

13 │ found no genuine issue of material fact exists regarding Plaintiff's claim against them. (*Id.*

14 │ at 18.) For these reasons, Judge Cobb recommends that the Court grant summary

15 │ judgment for Defendants on Plaintiff's Eighth Amendment failure to protect claim against

16 │ Cox, McDaniel, Foster, Baca and Walsh. (*Id.*) The Court agrees.

17 │      Judge Cobb also found that Plaintiff failed to provide evidence that Moyle, Keith

18 │ and Carpenter took any actions that interfered with Plaintiff's First Amendment right to

19 │ seek redress of grievances. (*Id.* at 18-26.) Judge Cobb noted none of these Defendants

20 │ were involved with processing Plaintiff's disciplinary appeal, or otherwise impeded

21 │ Plaintiff's right to file grievances. (*Id.*) Because no genuine issue of material fact exists

22 │ regarding this claim, Judge Cobb recommends that the Court grant summary judgment for

23 │ Defendants as to Plaintiff's First Amendment right to seek redress of grievances claim

24 │ against Moyle, Keith and Carpenter. (*Id.* at 26.) The Court again agrees.

25 │      Additionally, Judge Cobb found that Plaintiff did not provide evidence that Keith

26 │ retaliated against him for filing grievances. (*Id.* at 26-28.) Judge Cobb noted that while

27 │ Plaintiff had provided evidence that Defendant Rexwinkel had retaliated against him for

28 │ filing kites and grievances, he failed to provide any evidence that Keith acted along with

1    Rexwinkel. (*Id.* at 27-28.)[2] Accordingly, no genuine issue of material fact exists regarding

2    Plaintiff's First Amendment retaliation claim against Keith, and Judge Cobb correctly

3    recommends that the Court grant summary judgment as to this claim against Keith. (*Id.* at

4    27.)

5          It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No.

6    172) is adopted in its entirety.

7          It is further ordered that Defendants' motion for summary judgment (ECF No. 151)

8    is denied in part and granted in part. It is denied as to the Eight Amendment failure to

9    protect claim against Mullins. It is granted as to the remaining claims and Defendants.

10         DATED THIS 25th day of June 2020.

11

12                                              _____

13                                              MIRANDA M. DU
                                                CHIEF UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     _____
          [2]Defendant Rexwinkel has been dismissed from this case. (ECF No. 106 at 7-8.)

4